**Original filed 10/20/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERDINAND REYNOLDS,  )   No. C 06-1604 JF (PR)
                     )
    Plaintiff,       )   ORDER DENYING
                     )   PLAINTIFF'S REQUEST FOR
    vs.              )   HEARING
                     )
                     )
DIRECTOR OF CORRECTIONS, et al., )
                     )
    Defendants.      )
_____)

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Director of the California Department of Corrections and Rehabilitation ("CDCR") and the Warden at Salinas Valley State Prison. Plaintiff filed a separate document entitled "amended ground two" on March 29, 2006. On October 6, 2006, the Court dismissed the complaint with leave to amend in order for Plaintiff to include both of his claims in an amended complaint. On October 16, 2006, the Court's order was returned by mail as "undeliverable" as Plaintiff was transferred to California State Prison Los Angeles. On October 19, 2006, Plaintiff filed a letter with the Court entitled "emergency letter notice." In his letter, Plaintiff describes events that occurred at California State Prison Los Angeles in August 2006 through October 2006.

1  Plaintiff requests that the Court hold a hearing concerning these recent events.

2        The Court notes that Plaintiff's complaint in his October 19, 2006 letter must first
3  be addressed through the administrative process available to Plaintiff.  The Prison
4  Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"),
5  amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to
6  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
7  confined in any jail, prison, or other correctional facility until such administrative
8  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is
9  mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 126
10  S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

11        In order to exhaust available administrative remedies within the state prison
12  system, a prisoner must proceed through several levels of appeal: (1) informal resolution,
13  (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to
14  the institution head or designee, and (4) third level appeal to the Director of the California
15  Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997)
16  (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of
17  review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.  Courts do
18  not have discretion under § 1997e(a) to excuse exhaustion.  Id. at 1825 n.5.

19        Additionally, Plaintiff's complaint concerning events at California State Prison
20  Los Angeles is not before the Court in the instant civil rights action.  The Court has no
21  jurisdiction to order Los Angeles State Prison officials to comply with the Court's orders
22  because they are not parties in the present action, nor does the Court's jurisdiction, within
23  the Northern District of California, extend to the location of California State Prison Los
24  Angeles where Plaintiff is incarcerated.  Any complaints concerning events at California
25  State Prison Los Angeles should be filed in the United States District Court for the
26  Central District of California.

27        Accordingly, Plaintiff's request for a hearing is DENIED.  The Clerk shall send a
28  copy of the Court's October 6, 2006 order to Plaintiff at his new address.

Order Denying Plaintiff's Request for Hearing
P:\pro-se\sj.jf\cr.06\Reynolds604misc     2

1  Plaintiff shall file an amended complaint, as directed in the Court's October 6, 2006
2  Order of Dismissal With Leave to Amend, within **thirty days** of the date of this order.
3      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
4  Court informed of any change of address by filing a separate paper with the Clerk headed
5  "Notice of Change of Address." He must comply with the Court's orders in a timely
6  fashion or ask for an extension of time to do so. Failure to comply may result in the
7  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
8      IT IS SO ORDERED.
9  DATED: 10/20/06
10      JEREMY FOGEL
    United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Ferdinand Reynolds
   D-11772
   CSP -Los Angeles County
4  P.O. Box 44750 60th Street West
   Lancaster, CA 93536

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28