NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>    Plaintiff,<br><br> vs.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>    Defendants. | No. C 06-1604 JF (PR)<br><br>ORDER OF DISMISSAL;<br>DENYING MOTION TO<br>POSTPONE ACTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Director of the California Department of Corrections and Rehabilitation ("CDCR") and the Warden at Salinas Valley State Prison. Plaintiff filed a separate document entitled "amended ground two" on March 29, 2006. On October 6, 2006, the Court dismissed the complaint with leave to file and amended complaint within thirty days. On October 20, 2006, the Court denied Plaintiff's motion for a hearing, and extended the deadline for Plaintiff to file an amended complaint to thirty days from the date that order was filed, or November 19, 2006. Plaintiff has not filed an amended complaint.

In his complaint, plaintiff alleged that inmate-clerks were preparing Rule Violation

Reports at Salinas Valley State Prison.[1]  In the order dismissing the complaint with leave to amend, the Court found the complaint deficient because Plaintiff did not allege sufficient facts establishing the liability of the two Defendants, the Warden of Salinas Valley State Prison and the director of the California Department of Corrections and Rehabilitations.  As Defendants are supervisors, the Court informed Plaintiff that there is no respondeat superior liability under section 1983, and that in order to state a cognizable claim against them, he must allege facts showing (1) their personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As Plaintiff had not alleged facts satisfying these requirements, the Court gave Plaintiff the following instructions on how his amended complaint must cure this deficiency:

> Plaintiff must set forth specific allegations as to each Defendant demonstrating how they were involved in the alleged constitutional violation in his amended complaint.
> Plaintiff must allege facts supporting his claim against each Defendant separately in his amended complaint showing his entitlement to relief from each Defendant.  Plaintiff should list the constitutional right he has, describe what each Defendant did or failed to do, and describe how each Defendant's acts or omissions caused him injury.  Plaintiff must be careful to allege facts showing the basis for liability for each individual Defendant.  He should not refer to the Defendants as a group, i.e., "the defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.

Plaintiff did not file an amended complaint curing this deficiency in his claim.  Consequently, this action is hereby DISMISSED for failure to state a cognizable claim for relief.

---

[1] Plaintiff later filed a separate document that purported to assert a second claim for relief.  The Court instructed Plaintiff that if he wanted such a claim to be considered by the Court he must include it in an amended complaint that sets forth all of the claims he wishes to raise.  As noted, Plaintiff failed to file an amended complaint.

1   On January 8, 2007, after the deadline for filing an amended complaint had passed,
2 Plaintiff filed a motion requesting that the Court "postpone" this matter until after he
3 could complete administrative grievances regarding lost property at his new prison.
4 Plaintiff does not explain how such grievances related to the instant action, or why their
5 pendency required postponement of this matter.  In any event, more than two years have
6 passed since this matter was dismissed with leave to amend without Plaintiff filing an
7 amended complaint.  This is more than a sufficient amount of time.  Accordingly,
8 Plaintiff's motion to postpone this action is DENIED.
9   The Clerk shall close, terminate all pending motions, and enter judgment.
10   IT IS SO ORDERED.
11 DATED:  11/7/08

JEREMY FOGEL
United States District Judge